UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
UNITED STATES OF AMERICA                            :
                                                    :   CONSENT PRELIMINARY ORDER
              - v. -                                :   OF FORFEITURE AS TO SPECIFIC
                                                    :   PROPERTY/
DOMINGO BEATO-ESTRELLA,                             :   MONEY JUDGMENT
                                                    :
              Defendant.                            :   24 Cr. 520 (AKH)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    WHEREAS, on or about December 28, 2022, DOMINGO BEATO-ESTRELLA (the "Defendant"), was charged in a Superseding Indictment S1 20 Cr. 324 (AKH) ("Indictment-1") with distributing and possessing with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 2 (Count One); and bail jumping, in violation of Title 18, United States Code, Sections 3146(a)(1) and (b)(1)(A)(i) (Count Two);

    WHEREAS, Indictment-1 included a forfeiture allegation as to Count One of Indictment-1, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of Indictment-1, and any and all property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the offense charged in Count One of Indictment-1, including but to limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of Indictment-1;

    WHEREAS, on or about May 7, 2024, the Defendant pled guilty to Counts One and Two of Indictment-1;

WHEREAS, on or about May 3, 2023, the Defendant was charged in the Eastern District of Pennsylvania in Indictment, 23 Cr. 197 (GJP) (the "EDPA Indictment"), with possession with intent to distribute 400 grams or more of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) (Count One); distribution of 40 grams or more of fentanyl, in violation of Title 21, United States Code Sections 841(a)(1) and (b)(1)(A) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count Three);

WHEREAS, the EDPA Indictment included a forfeiture allegation as to Counts One and Two of the EDPA Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any property used or intended to be used, in any manner or part to commit, or to facilitate the commission of, the violations charged in Counts One and Two of the EDPA Indictment, including but not limited to: a Sentry Arms, TP9SFx 9mm semi-automatic pistol, bearing serial number BC44301, loaded with 19 live rounds of ammunition; four loose live rounds of ammunition; and a Smith & Wesson, M7P 9 Shield Plus, 9mm semi- automatic pistol, bearing serial number JKY1652, loaded with 12 live rounds of 9mm ammunition (collectively, the "Seized Firearms and Ammunition"); and any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of the violations charged in Counts One and Two of the Indictment, including but not limited to $3,500 in United States currency the Defendant received from a sale of fentanyl on December 12, 2022 and $3,587 in United States currency seized from the Defendant's residence on December 12, 2022 (collectively, the "Seized Currency");

WHEREAS, on or about September 4, 2024, the Defendant consented to the transfer of the EDPA Indictment to this District, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, for plea and sentence, under case number 24 Cr. 520 (AKH) (the "Indictment-2");

WHEREAS, on or about September 19, 2024, the Defendant pled guilty to Counts One and Two of Indictment-2, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Count One of Indictment-1 and Counts One and Two of Indictment-2 and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853: (i) a sum of money in United States currency representing the proceeds traceable to the offense charged in Count One of Indictment-1; (ii) the Seized Currency, which constitutes proceeds traceable to the commission of the offenses charged in Counts One and Two of Indictment-2; and (iii) the Firearms and Ammunition, which constitute property used or intended to be used, in any manner or part to commit, or to facilitate the commission of the offenses charged in Counts One and Two of Indictment-2;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $7,087 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment-2 that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Seized Currency, which constitutes proceeds traceable to the commission of the offenses charged in Counts One and Two of Indictment-2 that the Defendant personally obtained, and the Firearms and Ammunition which constitute property used or intended to be used, in any manner or part to commit, or to facilitate the commission of the offenses charged in Counts One and Two of Indictment-2 (the Seized Currency and the Firearms and Ammunition, collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Count One of Indictment-1 and Counts

One and Two of Indictment-2 that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Seized Currency; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Danielle R. Sassoon, United States Attorney, Assistant United States Attorney Matthew R. Shahabian, of counsel, and the Defendant and his counsel, Peter M. Skinner, Esq., that:

1. As a result of the offenses charged in Counts One and Two of Indictment-2, to which the Defendant pled guilty, a money judgment in the amount $7,087 of in United States currency (the "Money Judgment"), representing the proceeds traceable to the commission of Counts One and Two of the Indictment-2 that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One and Two of Indictment-2, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the

Defendant DOMINGO BEATO-ESTRELLA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Seized Currency forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DANIELLE R. SASSOON
United States Attorney for the
Southern District of New York

By: _____          2/4/2025
MATTHEW R. SHAHABIAN                          DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-1046

DOMINGO BEATO-ESTRELLA

By: _____          2/4/2025
DOMINGO BEATO-ESTRELLA                        DATE

By: _____          2/4/2025
PETER M. SKINNER, ESQ.                        DATE
Attorney for Defendant
55 Hudson Yards
New York, NY 10001

SO ORDERED:

_____               2-4-205
HONORABLE ALVIN K. HELLERSTEIN                DATE
UNITED STATES DISTRICT JUDGE