UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
UNITED STATES OF AMERICA

                -against-

DOMINGO BEATO-ESTRELLA,

                          Defendant.
------------------------------------------------------------- x

**ORDER DENYING MOTION TO CORRECT SENTENCE**

24 Cr. 520 (AKH)
20 Cr. 324 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Defendant Domingo Beato-Estrella, through his brother[1] Jose Beato, submitted, via e-mail, a *pro se*, *ex parte* motion to correct his sentence of February 4, 2025 under Fed. R. Crim. P. 35(a). Specifically, he argues that I committed clear error by (i) ignoring his efforts to mitigate his sentence; (ii) not appointing new counsel; (iii) sentencing him for the offense of bail jumping; (iv) assessing a Guidelines enhancement for obstruction of justice; and (v) denying a Guidelines reduction for acceptance of responsibility. The e-mail also contained the words "notice of appeal" in all capital letters. The Defendant's motion is meritless, and I deny it without need for the Government to respond. Moreover, it does not meet the strictures of Fed. R. App. P. 3, and thus does not constitute a notice of appeal.

    Fed. R. Crim. P. 35(a) vests district courts with the authority to "correct a sentence that resulted from arithmetical, technical, or other clear error." The Advisory Committee Notes for this Rule provide that "[t]he authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence" and that this Rule should not "be used to reopen issues previously

---

[1] The Defendant's sentencing submission identifies Jose Beato as the Defendant's brother. 24 Cr. 520, ECF No. 13, at 5.

1

resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines."

As I noted on the record, I had read and considered the Defendant's letter of November 27, 2024 prior to imposing sentence. I also confirmed on the record that I had obtained and read the entirety of the Defendant's correspondence with the Court. Additionally, I provided the Defendant with the opportunity to allocute prior to imposing sentence, *see United States v. Lajeunesse*, 85 F.4th 679, 693 (2d Cir. 2023), which the Defendant took advantage of. Accordingly, his argument that I committed clear error in denying his efforts to mitigate his sentence is meritless.

The Defendant's contention that I committed clear error in declining to appoint him new counsel is also baseless. Prior to imposing sentence, the Defendant confirmed on the record that he was satisfied with his attorney's representation. Moreover, at sentencing, the Defendant confirmed that he had read his attorney's sentencing submission, that he approved of it, that his attorney made every motion requested, and that his attorney had submitted all the letters requested to the Court. The Defendant confirmed that he had transmitted all of the information he wished to bring to the Court's attention, and I confirmed receipt. On this basis, I denied Defendant's motion for appointment of new counsel, and I again deny Defendant's renewed request for a new attorney at this juncture. Defendant's change of heart following his sentencing does not override the statements he made to the contrary in open court. *Smith v. United States*, 21 Cr. 280 (AKH), 2024 WL 4635372, at *2 (S.D.N.Y. Oct. 30, 2024).

The Defendant properly allocuted his guilty to committing the offense of bail jumping under Count Two of Indictment 20 Cr. 324. *See* 20 Cr. 324, ECF No. 64. Thus, in accordance with the plea agreement that he signed with the Government, I assessed a two-point enhancement

2

for obstruction of justice. *See* U.S.S.G. § 3C1.1(4)(e) (including "willfully failing to appear, as ordered, for a judicial proceeding" in a "non-exhaustive list of examples of the types of conduct to which this enhancement applies"). In turn, U.S.S.G. § 3E1.1, application note 4, provides that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." And moreover, at sentencing, I found that the Defendant's act of absconding as a fugitive during this case indicated that he did not accept responsibility for his crimes. *See United States v. Gonzalez*, 440 F. App'x 34, 38 (2d Cir. 2011) (affirming denial of Guidelines reduction for acceptance of responsibility, despite defendant's guilty plea, since defendant absconded while on bail). Accordingly, these contentions, too, are meritless.

The Defendant shall refrain from e-mailing, or causing others to e-mail, motions or other correspondence to this Court. Instead, all motions shall be made via U.S. Postal Mail to the Clerk of Court.

Mr. Beato's e-mail to the Court does not constitute a valid notice of appeal. *See* Fed. R. App. P. 3(c). To properly file a notice of appeal, the Defendant must comply with Rule 3 of the Federal Rules of Appellate Procedure, including designating the judgment from which the appeal is being taken.

SO ORDERED.

Dated:   February __, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3